## Foreman's Estate

*Amos E. Burkholder*, for petitioner.

APPEL, J., specially presiding, November 20, 1941.—

Peter Foreman died testate March 17, 1925, having by his last will and testament created a trust for the use of Bessie Louise Howe, as follows:

"Sixth I give, devise, and bequeathe to the Blue Ball Bank the sum of four hundred dollars ($400.00), in Trust however for Bessie Lousia Howe a daughter of Minnie Hollinger Howe, the said principal sum together with interest to be paid to her at the time of her arriving at the age of eighteen years (18) and in case that the said Bessie Lousia Howe should not live to arrive at the age of eighteen years then the said sum of

($400) together with the income thereon if any shall be paid to Minnie Hollinger Howe or to her heirs and assigns: The income of the said amount, may be used by the said Blue Ball Bank Trustee for the purpose of education, or as the said Trustee thinks the best interest for the said Bessie Lousia Howe."

Bessie Louise Howe became 18 years of age July 28, 1941.

In an adjudication of the administration account filed June 3, 1926, the following award was made:

"To a Trustee to be appointed for the use of
Bessie Louisa Howe,

| | | |
|---|---|---|
| Legacy | $400.00 | |
| Less transfer tax, | 38.00 | $362.00 |
| Interest, | | 4.20 $366.20" |

The Blue Ball National Bank declined to act under the testamentary appointment December 29, 1927.

On December 29, 1927, this court appointed The New Holland National Bank of New Holland, Pa., guardian of Bessie Louise Howe.

Thereafter The New Holland National Bank of New Holland, Pa., was liquidated, and The Farmers National Bank & Trust Company of New Holland, Pa., was appointed guardian of Bessie Louise Howe on September 15, 1932.

The appointments of the various corporations as guardian were improper, and this accounting will be treated as if they were properly appointed as trustees.

In Crampton's Estate, 26 Dist. R. 1060, Judge Gest of the Philadelphia Orphans' Court held that the direction in the will cannot confer upon the minor legatee a capacity greater than that conferred by the law, and said:

"By the common law of England, which is the common law of Pennsylvania, the age of majority is fixed at twenty-one years; on reaching that age, persons become *sui juris* and are empowered to receive their property into their own hands and manage it for them-

selves, but until they reach that age they are subject, both as regards their persons and their property, to the control of others, who have legal authority over them and their estates."

See the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 59, 20 PS §1021 et seq.

Distribution as prayed for is refused.

As the cestui que trust is a minor, confirmation of the account is likewise refused.